Jonathan Jaech (State Bar No. 191530)
jjaech@cblh.com
**CONNOLLY BOVE LODGE & HUTZ LLP**
333 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone: (213) 787-2500
Facsimile: (213) 687-0498

Stephen L. Sulzer (admitted *pro hac vice*)
ssulzer@cblh.com
James P. Calve (admitted *pro hac vice*)
jcalve@cblh.com
Todd P. Taylor (admitted *pro hac vice*)
ttaylor@cblh.com
R. James Balls (admitted *pro hac vice*)
rballs@cblh.com
**CONNOLLY BOVE LODGE & HUTZ LLP**
1875 Eye Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 331-7111
Facsimile: (202) 293-6229

Mike Ryu (admitted *pro hac vice*)
mryu@cabinetbeaudelomenie.com
**CABINET BEAU DE LOMENIE**
158 rue de l'Université
F-75340 PARIS Cedex 07
FRANCE
Telephone: 011-33-1-4418-8929

*Attorneys for Defendant/Counterclaim
Plaintiff Plastef Investissements*

**COURTESY COPY**

NOTE CHANGES MADE BY THE COURT.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFETY SYRINGES, INC., a Delaware corporation, | No. CV 07-02307 FMC (PLAx) |
| Plaintiff, | HON. FLORENCE-MARIE COOPER<br>February 25, 2008, 10:00 A.M.<br>Demand for Jury Trial |
| v. | |
| PLASTEF INVESTISSEMENTS, a corporation of France, | [PROPOSED] ORDER ENTERING STIPULATED PROTECTIVE ORDER |
| Defendant. | |
| and RELATED COUNTERCLAIMS. | |

1      The Court has considered the Proposed Stipulated Protective Order

2  submitted by the parties on February 21, 2008, and hereby ORDERS entry of the

3

4  Proposed Stipulated Protective Order.

5  IT IS SO ORDERED.

6  DATED:  February **22**, 2008

7                                         ~~Hon. Florence-Marie Cooper~~

8                                         ~~UNITED STATES DISTRICT JUDGE~~
                                          PAUL L. ABRAMS

9  Presented by:

10                              **U.S. MAGISTRATE JUDGE**

11  STEPHEN L. SULZER
   JAMES P. CALVE

12  TODD P. TAYLOR
   R. JAMES BALLS

13  MIKE RYU
   JONATHAN JAECH

14  CONNOLLY BOVE LODGE & HUTZ LLP

15

16

17  By:   s/Stephen L. Sulzer

18        Stephen L. Sulzer
         Attorneys for Defendant/Counterclaim

19        Plaintiff Plastef Investissements

20

21

22

23

24

25

26

27

28

1    Jonathan Jaech (State Bar No. 191530)
     *jjaech@cblh.com*
2    **CONNOLLY BOVE LODGE & HUTZ LLP**
     333 South Grand Avenue, Suite 2300
3    Los Angeles, CA  90071
     Telephone:  (213) 787-2500
4    Facsimile:   (213) 687-0498

5    Stephen L. Sulzer (admitted *pro hac vice*)
     *ssulzer@cblh.com*
6    James P. Calve (admitted *pro hac vice*)
     *jcalve@cblh.com*
7    Todd P. Taylor (admitted *pro hac vice*)
     *ttaylor@cblh.com*
8    R. James Balls (admitted *pro hac vice*)
     *rballs@cblh.com*
9    **CONNOLLY BOVE LODGE & HUTZ LLP**
     1875 Eye Street, N.W., Suite 1100
10   Washington, D.C.  20006
     Telephone:  (202) 331-7111
11   Facsimile:  (202) 293-6229

12   Mike Ryu (admitted *pro hac vice*)
     *mryu@cabinetbeaudelomenie.com*
13   **CABINET BEAU DE LOMENIE**
     158 rue de l'Université
14   F-75340 PARIS Cedex 07
     FRANCE
15   Telephone:  011-33-1-4418-8929

16   *Attorneys for Defendant/Counterclaim*
     *Plaintiff Plastef Investissements*

**COURTESY COPY**

17

         **UNITED STATES DISTRICT COURT**

18

         **CENTRAL DISTRICT OF CALIFORNIA**

19

| | | |
|---|---|---|
| 20   SAFETY SYRINGES, INC., | ) | No. CV 07-02307 FMC (PLAx) |
| 21      a Delaware corporation, | ) | |
| | ) | HON. FLORENCE-MARIE COOPER |
| 22         Plaintiff, | ) | January 14, 2008, 10:00 A.M. |
| | ) | Demand for Jury Trial |
| 23       v. | ) | |
| | ) | **[~~PROPOSED~~] STIPULATED** |
| 24   PLASTEF INVESTISSEMENTS, | ) | **PROTECTIVE ORDER** |
| 25      a corporation of France, | ) | |
| | ) | |
| 26         Defendant. | ) | |
| 27   _____ | ) | |
| 28   and RELATED COUNTERCLAIMS. | ) | |

STIPULATED PROTECTIVE ORDER

         1

1
## GOOD CAUSE STATEMENT

2
3
4
WHEREAS, certain documents, information (including electronically stored information), tangible objects, and things may be produced in discovery in this

5
6
7
proceeding and may include product designs, product development histories, engineering drawings, research, manufacturing records, assembly plans, product

8
9
testing, bills of material, CAD/CAM drawings, customer lists, marketing surveys, competition analyses, product sales, and financial information such as prices, profit

10
11
margins, gross margins, and costs.

12
13
WHEREAS, these materials and information comprise the most sensitive and highly confidential business information, trade secrets,[1] know how, business

14
15
16
strategies, financial, technological, commercial, and proprietary information of Plaintiff/Counterclaim Defendant Safety Syringes, Inc. ("SSI") and Defendant/

17
18
Counterclaim Plaintiff Plastef Investissements ("Plastef"), and facilitate each

19
party's ability to compete in the marketplace.

20
_____

21
22
[1]      As used herein, "trade secret" shall have the definition provided in Section 3426.1 of the California Civil Code and shall mean:

23
24
        Information, including a formula, pattern, compilation, program, device, method, technique, or process, that:

25
26
                (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and

27
                (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

28

STIPULATED PROTECTIVE ORDER

2

WHEREAS, Plastef and SSI are direct competitors in the marketplace, such that disclosure of such highly confidential information of either party to the other party, or to the public, will irreparably harm that party by disclosing its competitive advantages that have been developed through years of promoting its business operations and enable the other party or other competitors to adopt and/or undermine that party's business strategies.

WHEREAS, protection of this information benefits not only Plastef and SSI, but also the public, by enabling each party to continue to design and produce products that benefit the public.

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and between SSI and Plastef, through their respective counsel of record, that this Proposed Stipulated Protective Order ("Order") concerning the confidentiality of such documents, information, tangible objects, and things shall govern the use and handling of such discovery materials by the parties in this case, and any third parties to whom such information is disclosed, as follows:

1.     This Order shall govern the parties' use, handling, and disclosure of all documents, information, tangible objects, and things (collectively "Discovery Material"), including, but not limited to, deposition transcripts and exhibits, interrogatory answers, responses to requests for admissions, responses to subpoenas, and other written, recorded, or graphic information, and all copies, excerpts, abstracts, or summaries thereof produced by any party or non-party in

STIPULATED PROTECTIVE ORDER

1   this action (hereinafter "Producing Person").   This Order does not govern the

2   handling or treatment of Discovery Material in motions or other papers filed with

3

4   the Court, or the use of Discovery Material at trial.   Procedures for filing papers

5   under seal are set forth in Local Rule 79-5 and Paragraph 20 of this Order.   If any

6   party desires to protect confidential or sensitive business information from

7

8   disclosure to the public at trial, the party must separately show good cause to the

9   Court, in advance of the trial, and provide reasons for the Court to treat such

10  information as confidential, or as other than publicly-available information.

11

12       2.     Any Producing Person shall have the right to designate as

13  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

14  ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—NON-

15

16  PATENT PROSECUTION COUNSEL" any Discovery Material that an attorney,

17  on behalf of the Producing Person, believes constitutes, reflects, or discloses that

18  Producing Person's trade secrets, confidential research, development, technology,

19

20  or commercial information, or other confidential information within the scope of

21  Rule 26(c)(7) of the Federal Rules of Civil Procedure.

22       3.     Use of the "CONFIDENTIAL" designation shall be limited to

23

24  Discovery Material that the Producing Person believes in good faith must be held

25  confidential to protect its business or commercial interests.   Examples of

26  "CONFIDENTIAL" Discovery Material include information or material that a

27

28  Producing Person reasonably and in good faith believes contains or discloses

STIPULATED PROTECTIVE ORDER

4

information that the Producing Person, in the ordinary course of business, does not or would not publicly disclose, or information that a Producing Person is under a pre-existing obligation with a third party to maintain as confidential.

4.     Use of the "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation shall be limited to Discovery Material that the Producing Person reasonably and in good faith believes is so commercially sensitive or confidential that disclosure to employees of another party or a third party, even under the restricted terms and conditions applicable to Discovery Materials designated as "CONFIDENTIAL," would not adequately protect the interests of the Producing Person.     Examples of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Discovery Material include a Producing Person's trade secrets, confidential technology, confidential commercial or product data regarding products currently being offered for sale, or confidential information concerning business strategies that a Producing Person would not, in the ordinary course of business, disclose to third persons, or information and material that a Producing Person is under a pre-existing obligation with a third party to treat as such.   .

5.     Use of the "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY–NON-PATENT PROSECUTION COUNSEL" designation shall be limited to Discovery Material that the Producing Person reasonably and in good faith believes discloses the Producing Person's confidential research or development

technology regarding products not yet being offered for sale or otherwise publicly disclosed by the Producing Person.

6.     All Discovery Material designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—NON-PATENT PROSECUTION COUNSEL," "HIGHLY     CONFIDENTIAL—ATTORNEYS'     EYES     ONLY," or "CONFIDENTIAL," and all information derived therefrom, is referred to in this Order as "Designated Material" and shall be handled in strict accordance with the terms of this Order.  Absent an order of this Court, such Designated Material shall be used by the parties to this action solely in connection with this action or any appeal therefrom, and not for any other purpose, except as required by law, and such Designated Material may be disclosed only under the circumstances and to the persons specifically provided for in Paragraphs 8-10 of this Order.

7.     This Order shall not prevent any Producing Person from disclosing its own Designated Material, or information contained therein, or consenting to disclosure by others of a Producing Person's own Designated Material, or information contained therein, as it deems appropriate.  A Producing Person's disclosure to a third party of the Producing Person's own Designated Material, or information contained therein, shall not affect in any way the obligations of persons receiving Designated Material pursuant to this Order, provided that the third parties are required to maintain the confidentiality of the Designated Material,

or information contained therein, in a manner consistent with the terms of this Order.

8.    Information or material designated by a Producing Person as "CONFIDENTIAL," or copies or extracts therefrom, and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

A.    each receiving party's respective outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the Designated Material be shown for the purposes of this litigation;

B.    employees of each receiving party, including, but not limited to, in-house counsel, whose assistance is needed by a party's outside counsel for this litigation, or whose input is required to direct and/or evaluate the litigation;

C.    experts and consultants as defined in Paragraph 11 herein and pursuant to the provisions of Paragraph 12 herein;

D.    the Court, pursuant to Paragraph 20 herein;

E.    certified court reporters or persons operating video equipment at any deposition conducted in connection with this action;

F.    third party contractors, including their employees and agents, involved in one or more aspects of organizing, filing, copying, coding, converting, sorting, translating, or retrieving data, or designing programs for handling data

STIPULATED PROTECTIVE ORDER

7

connected with this action, including the performance of such duties in relation to a computerized litigation support system;

G.    graphics or design services retained by counsel for a party to prepare demonstrative or other exhibits for deposition, trial, or other court proceeding in this action;

H.    non-technical jury or trial consulting services retained by counsel for a party; and

I.    any other person, but only upon order of the Court, or upon the explicit written consent of the Producing Person with respect to specifically-identified "CONFIDENTIAL" Designated Material.

9.    Information or material designated by a Producing Person as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or copies or extracts therefrom, and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

A.    each receiving party's respective outside counsel of record in this action, and regular and temporary employees of such counsel to whom it is necessary that the Designated Material be shown for the purpose of this litigation;

B.    experts and consultants as defined in Paragraph 11 herein and pursuant to the provisions of Paragraph 12 herein;

C.    the Court, pursuant to Paragraph 20 herein;

STIPULATED PROTECTIVE ORDER

D.   certified court reporters or persons operating video equipment at any deposition conducted in connection with this action;

E.   third party contractors, including their employees and agents, involved in one or more aspects of organizing, filing, copying, coding, converting, sorting, translating, or retrieving data, or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system;

F.   graphics or design services retained by counsel for a party to prepare demonstrative or other exhibits for deposition, trial, or other court proceeding in this action;

G.   non-technical jury or trial consulting services retained by counsel for a party; and

H.   any other person, but only upon order of the Court, or upon the explicit written consent of the Producing Person with respect to specifically-identified "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Designated Material.

10.   Information or material designated by a Producing Person as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—NON-PATENT PROSECUTION COUNSEL," or copies or extracts therefrom, and compilations and summaries thereof, may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the persons

STIPULATED PROTECTIVE ORDER

1   or entities set forth in Paragraph 9, except for and excluding attorneys representing

2   the receiving party, or in a firm or other association with an attorney that represents

3

4   the receiving party, and any consultants, patent agents, and regular or temporary

5   employees of such attorneys, firms, or associations, who are presently as of the

6   date of this Order, or will be (for a period not to exceed three years from the date

7

8   of production), engaging in or assisting in the preparation or prosecution of patent

9   applications for the receiving party relating to the subject matter of the patent-in-

10  suit, which consists of passive needle guards for use with medicine cartridges, such

11

12  as pre-filled syringes, and that include an automatically activated shield for

13  covering the needle of the syringe following use.

14

15          11.    For purposes of this Order, an expert or consultant shall be defined as

16  a person:  (i) who is neither an employee, director, officer, consultant, partner, or

17  business associate of a party, nor anticipated to become an employee, director,

18

19  officer, consultant, partner, or business associate of a party in the near future;

20  (ii) who is not regularly employed or retained by a competitor of a party; (iii) who

21  does not currently have any consulting arrangement with a competitor of a party;

22

23  (iv) who does not have any direct economic relationship with a party, except as set

24  forth in subpart (v) of this paragraph; and (v) who is retained or employed as a

25  bona fide consultant or expert for purposes of providing advice or testimony in

26

27  connection with this litigation, whether full- or part-time, by or at the direction of

28  counsel of record for a party.

STIPULATED PROTECTIVE ORDER

12.     The procedure for an expert or consultant to be approved for access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—NON-PATENT PROSECUTION COUNSEL" Designated Material shall be as follows:

A.     The party seeking to have a consultant or expert (as defined in Paragraph 11) approved shall provide the other party with the consultant's or expert's current resume or curriculum vitae, which shall include a list of past and present employers and persons or entities with whom the consultant has been engaged in any consulting relationship in the last five (5) years, and a copy of a completed, signed Undertaking in the form attached hereto as Exhibit A.

B.     Within five (5) business days after a party seeking approval of an expert or a consultant serves on the other party, by facsimile, the information described in Paragraph 12.A., including a copy of a signed Undertaking, the other party may object to approval of the proposed expert or consultant, if facts available to that party give it reason to believe that there is a reasonable likelihood that the proposed expert or consultant does not meet the criteria of Paragraph 11 above, or the proposed expert or consultant may use "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—NON-PATENT PROSECUTION COUNSEL" Designated Material for purposes other than the preparation for trial of this case.  In such circumstances, the burden of proof shall

be on the party objecting to the proposed expert or consultant to identify each basis for objecting to approval of the proposed expert or consultant, state briefly with respect to each such basis the moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that basis or issue), and specify the terms of the order to be sought pursuant to Local Rule 37-1. Failure to object within the five (5) business days of receiving the information set forth in Paragraph 12.A. above shall be deemed an approval of that person, but shall not preclude a party from objecting to such person's continued access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—NON-PATENT PROSECUTION COUNSEL" Designated Material where facts suggesting a basis for objection are subsequently learned by the party or its counsel.

　　　　C.　　If an objection is made pursuant to Paragraph 12.B., the parties shall, within ten (10) calendar days from the date of facsimile service of the objecting party's notice of objection, meet and confer pursuant to Local Rule 37-1 to attempt to resolve the dispute. Counsel for the party objecting to approval of the proposed expert or consultant shall be responsible for arranging the conference. Unless relieved by written order of the Court upon good cause shown, counsel for the party seeking approval of an expert or consultant shall confer with counsel for the objecting party within ten (10) calendar days after the objecting party serves its

facsimile notice of objection and request for such conference. If the parties cannot resolve their dispute informally, they shall prepare a Joint Stipulation pursuant to Local Rule 37-2. The objecting party shall file the Joint Stipulation with its notice of motion pursuant to Local Rule 37-2, and each party thereafter may file a supplemental memorandum of law, pursuant to Local Rule 37-2.3, no later than fourteen (14) days prior to the hearing date.

D.   No expert or consultant to which objection is made pursuant to Paragraph 12.B shall be given access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—NON-PATENT PROSECUTION COUNSEL" Designated Material until the parties or the Court have resolved the dispute and approved such access, or the objecting party fails to serve a notice of objection, pursuant to Paragraph 12.B., within five (5) business days of receiving the information set forth in Paragraph 12.A., or fails to file a motion for a protective order, or an order disqualifying the expert or consultant, within twenty-one (21) days of the date on which the parties first meet and confer to try to resolve this dispute informally.

13.   Designated Material shall be marked or stamped "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—NON-PATENT PROSECUTION COUNSEL" at the following times:

STIPULATED PROTECTIVE ORDER

13

A.   for documents and things subject to production for inspection, at the time that such materials, or copies thereof, are delivered to the receiving party;

B.   for written responses to interrogatories or requests for admissions, at the time of service of such written responses;

C.   for written affidavits, declarations, briefs, and pleadings, at the time such documents are filed;

D.   for deposition testimony, as provided in Paragraph 14 below; and

E.   for oral disclosures other than testimony, through confirmation in writing within twenty (20) days of the first disclosure thereof.

14.   All or some of the testimony at any deposition may be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—NON-PATENT PROSECUTION COUNSEL" at the beginning of, or during the deposition, and for thirty (30) calendar days after the final transcript has been sent by the court reporter to the counsel for the Producing Person whose information has been disclosed (or until such other date as may be agreed upon by the parties). Receipt of rough transcripts shall not trigger this 30-day period. Deposition testimony may be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY

STIPULATED PROTECTIVE ORDER

14

CONFIDENTIAL—ATTORNEYS' EYES ONLY—NON-PATENT PROSECUTION COUNSEL" at the deposition by identifying the type of designation on the record, or before expiration of the 30-day (or other agreed) period by written notice to all counsel indicating the specific testimony to be designated (by page and line or other specific reference) and the type of designation. All copies of a transcript containing deposition testimony so designated shall be marked accordingly. Unless so designated, any confidentiality is waived after the expiration of the 30-day (or other agreed) period, unless otherwise stipulated or ordered. Unless otherwise designated at the deposition, all testimony at the deposition shall be treated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" until thirty (30) days after the final transcript has been sent by the court reporter to the counsel for the Producing Person whose information has been disclosed (or until such other date as may be agreed upon by the parties) so as to enable the Producing Person to designate testimony as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—NON-PATENT PROSECUTION COUNSEL" prior to use or public dissemination of the deposition.

15. With respect to any testimony elicited during any deposition, whenever counsel for any party deems that any question or line of questioning calls for, or results in, disclosure of information or material that should be treated as

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—NON-PATENT PROSECUTION COUNSEL" and any representative of a party (or any other person) is in attendance at the deposition who is not a person to whom disclosure of such information is permitted pursuant to this Order, and such representative is not the witness being examined, such representative shall be excluded from those portions of the proceeding during which disclosure of such "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—NON-PATENT PROSECUTION COUNSEL" information or material occurs.

16.     Information, documents, and things produced for inspection shall be inspected only by persons entitled to receive "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—NON-PATENT PROSECUTION COUNSEL" Designated Material pursuant to Paragraph 10. Between the time of inspection and the time of delivery to the receiving party, all such information, documents, and things shall be treated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—NON-PATENT PROSECUTION COUNSEL" and shall not be disclosed or used except in accordance with the provisions of this Order.

17.     Any person who desires to have access to information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—NON-

PATENT PROSECUTION COUNSEL" under the terms of this Order must first confirm their understanding and agreement to abide by the terms of this Order by completing and signing a copy of an Undertaking in the form attached hereto as Exhibit A. Persons listed in Paragraphs 8.A. and E. shall be subject to the terms of this Order, but need not sign Exhibit A hereto. Notwithstanding a party's designation of information pursuant to this Order, if a party desires to file any Designated Material or papers containing Designated Material under seal with the Court, the party must first obtain prior approval from the Court, pursuant to Local Rule 79-5.1, the provisions of which are summarized at Paragraph 20 of this Order.

18.    Any person may prepare for a deposition, hearing, or trial, or be examined as a witness at a deposition, hearing, or trial, with "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS'        EYES        ONLY—NON-PATENT PROSECUTION COUNSEL" Designated Material that such person had lawfully received or authored prior to and apart from this action.

19.    All    "CONFIDENTIAL,"    "HIGHLY    CONFIDENTIAL— ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES   ONLY—NON-PATENT   PROSECUTION   COUNSEL"   Designated Material shall be maintained in segregated facilities, marked as protected by Protective Order, and accessed only by those persons authorized access to such Designated Material pursuant to the terms of this Order.

STIPULATED PROTECTIVE ORDER

17

20.     This Order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court pursuant to Local Rule 79-5, the provisions of which are summarized below:

A.     If approval of the Court is required, a written application and a proposed order shall be presented to the Court along with the document submitted for filing under seal.   The proposed order shall address the sealing of the application and the order itself, if appropriate.  The original and the Court's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope.  If under-seal filings are authorized by statute or rule, the authority therefore shall appear on the title page of the proposed filing.

B.     Applications and Orders to Seal, along with the document to be placed under seal, shall NOT be electronically filed but shall be filed manually in the manner prescribed by Local Rule 79-5.  A Notice of Manual Filing shall be electronically filed indicating the documents being manually filed.

C.     All filings submitted under seal are to be made in an original and one copy, both blue-backed and two-hole punched, on 28-lined paper.  The original shall be placed in a separate envelope with a copy of the title page attached to the front of the envelope designated as "ORIGINAL".  The copy shall also be placed in a separate envelope with a copy of the title page attached to the front of the envelope designated as "COPY".

STIPULATED PROTECTIVE ORDER

18

D.     A party who wishes conformed copies must provide them to the Clerk by placing them in separate sealed envelopes.  They are not to be placed in the envelope containing the original or judge's copy of the document.

E.     If a Notice of Filing/Lodging Under Seal is submitted for filing, the sealed document must be presented in its proper form at the same time the Notice is filed.  If the document is being filed under seal pursuant to a prior order of the Court, *i.e.* a continuing protective order, counsel must submit either a copy of the protective order or, under the case number of the title page, type "Filed Under Seal Pursuant To Protective Order Dated _____."

F.     It is permissible to include language in the proposed order providing for alternative dispositions of the underlying application, proposed order, and documents that are requested to be sealed in the event that the Court denies a request to file under seal.

G.     If the case proceeds to trial, any information that is designated for protection under the terms of this Order, or a protective order of the Court, will become public information, unless a party makes a showing of good cause to the Court in advance of the trial of reasons for the Court to treat such information as non-public information.

21.     A Producing Person who inadvertently fails to mark Designated Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

STIPULATED PROTECTIVE ORDER

ONLY—NON-PATENT PROSECUTION COUNSEL" at the applicable times set forth in this Order shall have twenty (20) calendar days from the discovery of such oversight to correct the omission.  Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each Designated Material appropriately marked as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—NON-PATENT PROSECUTION COUNSEL."  Within five (5) business days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked materials and all copies thereof, and, if choosing destruction, shall certify such destruction to the Producing Person in writing.  The receiving party shall treat such Designated Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—NON-PATENT PROSECU-TION COUNSEL" from the time that such notice is received.  Disclosure by the receiving party of such Designated Material to persons not authorized to receive it prior to receipt of such notice shall not be deemed a violation of this Order, and the receiving party and the other persons who receive such Designated Material pursuant to the provisions of this Order shall incur no liability for uses and disclosures made prior to receipt of such notice.  However, those persons to whom inadvertent disclosure was made shall be advised promptly, in writing, that the disclosed material is "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—

ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS'

EYES ONLY—NON-PATENT PROSECUTION COUNSEL" and must be treated

in accordance with this Order.

22.   If a Producing Person inadvertently produces or provides any

information (including electronically stored information), document, testimony, or

thing which it believes is subject to a claim of attorney-client privilege or attorney

work product immunity, the Producing Person may give written notice to the

receiving party that such information, document, testimony, or thing is subject to a

claim of attorney-client privilege or attorney work product immunity and request

that the information, document, testimony, or thing, and all copies thereof, be

returned to the Producing Person.  Such notice shall be served upon the receiving

party within five (5) business days of the Producing Person discovering the

inadvertent production.   The receiving party shall then promptly return to the

Producing Person all such information, documents, testimony, and things, and all

copies thereof.   If the Producing Person has provided notice of inadvertent

production as required herein, the parties hereby disclaim and waive inadvertent

production or disclosure of any information, document, testimony, or thing as

grounds for argument or assertion that such inadvertent production or provision

comprises or gives rise to a waiver of an otherwise proper assertion of attorney-

client privilege and/or attorney work product immunity.   However, neither the

return of the inadvertently produced information, document, testimony, or thing by

STIPULATED PROTECTIVE ORDER

the receiving party, nor anything in this Order, shall constitute an admission or concession, or permit any inference, that the returned information, document, testimony, or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product immunity, nor shall it foreclose any party from moving the Court for an order that such information, document, testimony, or thing has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production or provision.

23.    If Designated Material is disclosed to any person other than in the manner authorized herein, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Producing Person, without prejudice to other rights and remedies of the Producing Person, and shall make every effort to prevent further disclosure by it or by the person who was the recipient of such Designated Material.

24.    If at any time during the pendency of this action, counsel for any party asserts that Designated Material is not appropriately designated, objecting counsel may serve a notice of objection on all parties and affected entities, identifying with particularity the Designated Material for which the designation is challenged, stating the basis for each challenge, and proposing a new designation for such materials.

A.    Within five (5) business days after service of a notice challenging a designation, the Producing Person shall either re-designate the

materials as proposed in the notice, or counsel for the Producing Person shall arrange a meeting and conference with objecting counsel pursuant to Local Rule 37-1 so that the parties can try to resolve the matter informally. The Producing Person's letter shall identify each basis for its designation of the Designated Materials at issue, shall state briefly with respect to each such basis the Producing Person's position (and provide any legal authority which the Producing Person believes is dispositive of the dispute as to that basis or issue), and shall specify the terms of the protective order sought. Unless relieved by written order of the Court upon good cause shown, counsel for the objecting party shall confer with counsel for the Producing Person within ten (10) calendar days after counsel for the Producing Person serves a letter requesting such conference.

B.      If the parties cannot resolve their dispute informally, they shall prepare a Joint Stipulation pursuant to Local Rule 37-2. The Producing Person shall file the Joint Stipulation with its notice of motion pursuant to Local Rule 37-2. After the Joint Stipulation is filed, each party may file a supplemental memorandum of law not later than fourteen (14) days prior to the hearing date. Failure of the Producing Person to arrange a meeting and conference, pursuant to Local Rule 37-1, within five (5) days of service of the objecting person's notice of objection, shall constitute an admission by the Producing Person that the challenged material should not be treated as Designated Material under the terms of this Order.

STIPULATED PROTECTIVE ORDER

C.      The objecting party may only disclose Designated Materials to persons authorized to have access to such materials under this Order unless and until the Producing Person fails to arrange a meeting and conference within the time prescribed in Paragraph 24.A., the parties have resolved the dispute, or the Court denies the Producing Person's motion for a protective order.  A party's failure to challenge a Producing Person's designation shall not waive that party's right to challenge the designation at a later time and shall not constitute an admission of its correctness.

25.      Entering into or agreeing to this Order, and/or producing or receiving information   or   material   designated   as   "CONFIDENTIAL,"   "HIGHLY CONFIDENTIAL—ATTORNEYS'      EYES      ONLY,"      or      "HIGHLY CONFIDENTIAL—ATTORNEYS'        EYES        ONLY—NON-PATENT PROSECUTION COUNSEL," or otherwise complying with the terms of this Order, shall not:

A.      prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

B.      operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "CONFIDENTIAL," "HIGHLY  CONFIDENTIAL—ATTORNEYS'  EYES  ONLY,"  or  "HIGHLY

1    CONFIDENTIAL—ATTORNEYS'        EYES        ONLY—NON-PATENT

2    PROSECUTION COUNSEL;"

3

4             C.    operate as an admission by any party that any designation of

5    information   as   "CONFIDENTIAL,"   "HIGHLY   CONFIDENTIAL—

6    ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS'

7    EYES ONLY—NON-PATENT PROSECUTION COUNSEL" by a Producing

8

9    Person is appropriate under the terms of this Order;

10            D.    operate as an admission by any party that any particular

11   information or material so designated contains or reflects trade secrets, confidential

12

13   research,   development,   technology,   or   commercial   information,   or   other

14   proprietary or confidential information;

15            E.    prejudice in any way the rights of any party to object to the

16

17   authenticity or admissibility into evidence of any document, testimony, or other

18   evidence subject to this Order;

19            F.    prejudice in any way the rights of a party to make a showing

20

21   that information or material of proprietary or competitive value that is not

22   specifically   included   in   the   examples   of   "CONFIDENTIAL,"   "HIGHLY

23

24   CONFIDENTIAL—ATTORNEYS'      EYES      ONLY,"   or   "HIGHLY

25   CONFIDENTIAL—ATTORNEYS'      EYES      ONLY—NON-PATENT

26

27   PROSECUTION COUNSEL" information or material in Paragraphs 3-5 above,

28   may be properly designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—

STIPULATED PROTECTIVE ORDER

1   ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS'

2   EYES ONLY—NON-PATENT PROSECUTION COUNSEL;" or

3

4          G.      prevent parties to this Order from agreeing in writing, or on the

5   record during a deposition or hearing in this action, to alter or waive the provisions

6   or protections provided herein with respect to any particular information or

7

8   material.

9          26.     If any person receives a subpoena or other lawful process (referred to

10  in this paragraph as a subpoena) requesting or directing that person to produce to a

11

12  third-party (including, without limitation, a governmental agency) any Designated

13  Material, the person receiving the subpoena shall immediately notify the Producing

14  Person of the subpoena and provide a specification of the documents requested in

15

16  the subpoena to enable the Producing Person to attempt to intervene or otherwise

17  object to production of the Designated Material.

18         27.     Notwithstanding any other provision of this Order, the confidentiality

19  obligations of this Order shall not apply, or shall cease to apply, to any information

20

21  that:

22         A.      at the time of disclosure hereunder, was already in the public

23  domain by publication or otherwise;

24

25         B.      since the time of disclosure hereunder, has become, through no

26  act or failure to act by the receiving party, part of the public domain by publication

27

28  or otherwise; or

STIPULATED PROTECTIVE ORDER

26

C.     after disclosure hereunder, was acquired by the receiving party from a third party lawfully possessing the same and having no obligation hereunder to the Producing Person.

28.     Upon termination of this proceeding, this Order shall continue to be binding upon the parties hereto, and upon all persons to whom Designated Material has been disclosed or communicated, and this Court shall retain jurisdiction to enforce this Order.

29.     Sixty (60) calendar days after entry of any final and unappealable judgment terminating this litigation, any and all Designated Materials that have been submitted under seal to this Court pursuant to this Order may be unsealed and placed in the public case file, unless counsel present a proposed order directing the Clerk's Office to return them to the party responsible for their submission.   An order for the return of Designated Material to the parties or attorneys who submitted them to the Court shall require counsel to maintain one archival copy of deposition exhibits or transcripts, Court exhibits or transcripts, and documents and information included in submissions to the Court.   In addition, sixty (60) calendar days after entry of any final and unappealable judgment terminating this litigation, any and all material designated under this Order by any party or by any third party, and all copies thereof, shall be returned by the receiving party or parties to the Producing Person or, at the option of the receiving party or parties, destroyed; provided, however, that counsel of record for each party shall be permitted to

STIPULATED PROTECTIVE ORDER

retain and archive one copy of Designated Material that is contained or referenced in deposition exhibits or transcripts, Court exhibits or transcripts, and documents and information included in submissions to the Court.  If Designated Material is destroyed by the receiving party or parties pursuant to this paragraph, the person destroying such Designated Material shall certify in writing to the Producing Person that such destruction has taken place.

30.    This Order is being entered without prejudice to the right of any party to move the Court for modification of, or relief from, any of its terms.

31.    A third party who produces any document or testimony pursuant to a request from a party in this matter may designate such matters as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—NON-PATENT PROSECUTION COUNSEL" pursuant to this Order.

32.    The parties, by their respective counsel, hereby agree to the terms of this Order, and consent to its entry by the Court.

SO STIPULATED.

By: ____s/Thomas J. Gray_____          By: ____s/Stephen L. Sulzer_____
    James W. Geriak                              Stephen L. Sulzer
    Samuel B. Stone                              James P. Calve
    James C. Brooks                              Todd P. Taylor
    Kenneth S. Roberts                           R. James Balls
    Thomas J. Gray                               CONNOLLY BOVE LODGE
    ORRICK, HERRINGTON &                           & HUTZ LLP
      SUTCLIFFE LLP                            1875 Eye Street, N.W., Suite 1100
    4 Park Plaza, Suite 1600                     Washington, D.C.  20006

STIPULATED PROTECTIVE ORDER

28

1    Irvine, CA  92614-2558

2                                                    Jonathan Jaech
      *Attorneys for Plaintiff/*                     CONNOLLY BOVE LODGE
3    *Counterclaim Defendant*                          & HUTZ LLP
     *Safety Syringes, Inc.*                          333 South Grand Avenue, Suite 230
4                                                    Los Angeles, CA  90071

5
                                                     Mike Ryu
6                                                    CABINET BEAU DE LOMENIE
7                                                    158 rue de l'Université
                                                     F-75340 PARIS Cedex 07
8                                                    FRANCE

9
                                                     *Attorneys for Defendant/*
10                                                   *Counterclaim Plaintiff*
11                                                   *Plastef Investissements*

12    February 21, 2008
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFETY SYRINGES, INC.,<br>a Delaware corporation,<br><br>         Plaintiff,<br><br>    v.<br><br>PLASTEF INVESTISSEMENTS,<br>a corporation of France,<br><br>         Defendant. | Case No.:  CV07-2307 FMC (PLAx)<br><br>CONFIDENTIALITY<br>UNDERTAKING<br><br>**Hon. Florence-Marie Cooper** |

AND RELATED COUNTERCLAIMS.

I, _____, reside at _____.

I have read the Proposed Stipulated Protective Order entered in the above-captioned action and a copy of it has been given to me by counsel for _____. I understand the provisions of this Order, and I agree to comply with and be bound by its provisions.

I further agree to submit to the jurisdiction of this Court for adjudication of any dispute regarding my compliance with this Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ____ day of _____, 2008, at _____.

By_____

CONFIDENTIALITY UNDERTAKING